NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOEL ANTIGUA-DIAZ, | Civ. No. 11-6082 (SDW) |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | September 17, 2012 |

**WIGENTON**, District Judge.

Before the Court is the petition or motion of Noel Antigua-Diaz ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petitioner's Motion"). The United States of America ("Government" or "Respondent") moves to dismiss the Petition ("Motion to Dismiss"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

For the reasons set forth below, this Court **DENIES** the Petitioner's Motion and **GRANTS** Respondent's Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 13, 2008, Petitioner was arrested for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine. (Resp't's Br. at 1.) As part of a plea agreement with the U.S. Attorney's Office, Petitioner pled guilty to a charge of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B), and in violation of 21 U.S.C. § 846. (*Id*. at 2; Plea Agreement at 1-8.) Mark Mussela, Esq. ("Mussela") represented Petitioner during plea negotiations, at the plea hearing, at sentencing, and for part of the criminal

1

proceedings. (Resp't's Br. at 2; Substitution of Att'y at 1.) On September 24, 2009, as a result of Petitioner's assistance in the Government's conspiracy case, and the Government's motion for a downward departure pursuant to USSG § 5K1.1, Petitioner was sentenced to less than the statutory minimum sentence allowed under the crime in which Petitioner pled guilty. (Resp't's Br. at 3.) Petitioner did not appeal his conviction or sentence. (*Id*.)

In August 2011, Petitioner was released from prison and is on supervised release until August of 2015. (*Id.* at 3.) Currently, Petitioner remains on an immigration detainer in U.S. Immigration and Customs Enforcement's ("ICE") custody in York, Pennsylvania. (*Id*.) On June 5, 2012, Petitioner was ordered to be removed from the United States to the Dominican Republic. (Resp't's Br. at Ex. A.)

On or about October 13, 2011, Petitioner filed a *pro se* "Habeas-Corpus\Motion to Re-open and [P]ut [A]side [J]udgment [B]ased on Ineffective Assistance of Counsel in Criminal Case no. 08-454-01." (Pet'r's Br. at 1.) On April 23, 2012, Petitioner supplemented the motion with an Affidavit supporting and affirming Petitioner's claim.[1] (Pet'r's Aff. at ¶ 1.)

Petitioner alleges that Musella incorrectly informed him of the potential immigration consequences that could result from the plea agreement. (*Id*. at ¶ 1.) According to Petitioner, Musella told Petitioner that he would not be deported as a result of the plea bargain because Petitioner was a long term resident in the United States. (*Id*.) When accepting the plea to the conspiracy charge, the sentencing judge informed Petitioner that he could have some issues with his immigration status after his federal sentence. (*Id*. at ¶ 1-3.) Upon questioning his attorney as to the judge's immigration statement, Petitioner alleges that Musella told him that deportation would be unlikely because Petitioner's children were citizens of the United States and because Petitioner was a long term resident in the United States. (*Id*.) Further, Petitioner alleges that

---

[1] Dkt No. 11, filed June 18, 2012.

Musella never translated the plea agreement to Petitioner, despite being given a letter stating that it was translated for Petitioner. (*Id.* at ¶¶ 4-6.)

**LEGAL STANDARD**

**28 U.S.C. §2255**

Section 2255 allows a prisoner to move the court that sentenced him "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2255 there is a one-year period of limitation to file a motion that "begins to run on the date on which the defendant's conviction *and* sentence become 'final.'" *Kapral v. United States*, 166 F.3d 565, 569 (3d Cir. 1999) (emphasis in original).

A district court, in considering a petition under 28 U.S.C. § 2255, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation and citation marks omitted). If the § 2255 petition and the underlying case record show conclusively that the petitioner is not entitled to relief, the district court is not required to hold an evidentiary hearing. *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

**DISCUSSION**

In the instant matter, Petitioner did not file an appeal of his conviction,[2] and did not file a motion until October 13, 2011, over two years after Petitioner was sentenced. (Pet'r's Mot. at 1, Dkt. No. 1; Resp't's Br. at 3.) When a defendant does not file a timely direct appeal, then "the conviction and sentence become final, and the limitations period begins to run on the date on which the time for filing such an appeal expired." *Valentine v. United States*, No. 04-3766, 2005 WL 1541053, at *2 (D.N.J. June 30, 2005). The one-year limitation begins to run after the latest

---

[2] Petitioner had ten days to file an appeal after entry of judgment. *See* Fed. R. App. P. 4(b)(1) (at the end of 2009, this period was amended to fourteen days).

3

of the specific events listed within 28 U.S.C. § 2255(f). Specifically, 28 U.S.C. § 2255(f) provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner does not support filing of Petitioner's Motion almost two years after the statutory guidelines with any of the exceptions listed in 28 U.S.C. § 2255(f). Rather, Petitioner relies on and cites to various federal cases for support. (Pet'r's Aff. at ¶ 7); *see, e.g.*, *United States v. Orocio*, 645 F.3d 630 (3d Cir. June 29, 2011). For context, these cases are briefly discussed below.

*Padilla v. Kentucky*, decided by the Supreme Court in March 2010, held that an attorney has a constitutional duty to advise his client whether a drug distribution conviction would subject him to automatic deportation. 130 S. Ct 1473, 1478 (2010). In *Orocio*, the Third Circuit addressed the retroactive application of the holding in *Padilla* on collateral review. *Orocio*, 645 F.3d at 641. In *Orocio*, decided one year after *Padilla*, a defendant's counsel failed to advise him of the adverse immigration consequences of accepting a plea agreement. *Orocio*, 645 F.3d at 634. The defendant accepted the plea agreement and was sentenced in 2005. *Id*. After completing his sentence, the defendant was placed in removal proceedings and filed a writ of

4

error *coram nobis* for ineffective counsel. *Id*. at 634-35. *Padilla* was decided by the Supreme Court after the defendant's *coram nobis* petition was denied by the district court but before the Third Circuit issued its opinion on appeal. *Id*. at 636.

While *Orocio* did not address a § 2255 statute of limitations issue, it could arguably apply to the § 2255(f)(3) which begins the § 2255 one year clock on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In addressing the retroactive application of the holding in *Padilla*, the Third Circuit in *Orocio* employed the framework provided by the Supreme Court in *Teague v Lane*, 489 U.S. 288 (1989). *See Orocio*, 645 F.3d at 637-38. The Third Circuit explained that if the holding in *Padilla* issued a "new rule," then, unless one of two narrow exceptions applied, the decision would not be retroactively applicable to cases on collateral review.[3] *Id*. at 637. If *Padilla* issued an "old rule," then the rule would apply on collateral review. *Id*. Rejecting arguments to the contrary, the Third Circuit reasoned that the *Padilla* holding was an "old rule" for the purposes of *Teague* "because *Padilla* followed directly from *Strickland* and long-established professional norms" and the principles associated with the guarantee of effective assistance of counsel. *Id*. at 640-41. Ultimately, in *Orocio*, the Third Circuit held that *Padilla* applied retroactively for *Teague* purposes on collateral review. *Id*. at 641.

---

[3] The Third Circuit explained,

> *Teague* held that a "new rule" is retroactively applicable to cases on collateral review if and only if one of two exceptions apply; (1) the new rule places certain kinds of criminal conduct beyond the power of the criminal law-making authority to proscribe; or (2) the new rule is a "watershed rule[] of criminal procedure" that "alter[s] our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction." *Orocio*, 645 F.3d at 637 (citing *Teague,* 489 U.S. at 311) (emphasis in original).

5

The Third Circuit in *Orocio* dealt with the application of *Padilla* in the context of a writ of error *coram nobis*, described by the Third Circuit as a way "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *Id*. at 635, n.4 (citations omitted). When a prisoner is in custody for purposes of 28 U.S.C. § 2255, the appropriate way to seek review is to file a habeas corpus motion within the timeframe listed under 28 U.S.C. § 2255(f). Under 28 U.S.C. § 2255(f)(3), the one-year time limit begins to run when a "newly recognized" right has been established by the Supreme Court and the right has been made retroactively applicable on collateral review. The Third Circuit has not directly addressed whether *Padilla*, classified as an "old rule" in *Orocio*, could be classified as a "newly recognized right" for the purposes of 28 U.S.C. § 2255. As an "old rule," it appears it would not.[4] Notably, even if the rule was considered "new" under *Teague*, the Third Circuit noted that *Padilla* would have to fit into the narrow exceptions listed by *Teague* in order for it to retroactively apply on collateral review. *Orocio*, 645 F.3d at 637 (citing *Teague*, 489 U.S. at 311).

Regardless of whether *Padilla* is found to apply retroactively, for this matter it is important to note that the Supreme Court has rejected the argument that the one-year limitation in §2255(f)(3) begins to run when the right has become retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). In *Dodd*, the Supreme Court explicitly stated that, for the purposes of §2255(f)(3), "[w]hat Congress has said in [2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court." *Id*. The

---

[4] While the Third Circuit has not examined whether *Padilla* could be a "newly recognized right" for the purposes of § 2255(f)(3) specifically, other courts have addressed this issue. *See, e.g., United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. July 11, 2012); *United States v. Chang Hong*, 671 F.3d 1147, 1158 (10th Cir. 2011). Additionally, the Supreme Court has granted certiorari in *Chaidez v. United States*, 132 S. Ct. 2101 (April 30, 2012) to address whether *Padilla* retroactively applies on collateral review.

Supreme Court acknowledged that the holding in *Dodd* could lead to harsh results, but reasoned, "we are not free to rewrite the statute that Congress has enacted." *Id*. at 359.

In the instant matter, Petitioner's conviction was final as of October 4, 2009. (Resp't's Br. at 4.) Petitioner filed his appeal on or around October 13, 2011, over one year after the Supreme Court decided *Padilla* in March 2010, and almost two years after his conviction was final. (Pet'r's Mo. at 1; Resp't's Br. at 3-4.) As such, Petitioner's filing was beyond the limitations and was not timely. Moreover, Plaintiff has not shown that he would be entitled to equitable tolling of the statute of limitations. "[T]he presence of extraordinary circumstances 'is not enough'-a petitioner 'must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely.'" *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

*Ineffective Counsel Claim*

Even if this Court were to address Petitioner's ineffective counsel claim on the merits, it would fail. Petitioner has the burden of proof in demonstrating ineffective counsel under § 2255. *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980). The Supreme Court created a two prong analysis in order to succeed on an ineffective counsel claim. *Strickland v. Washington*, 466 U.S. 688, 687 (1984). Petitioner must show that his attorney's performance fell below an "objective standard of reasonableness" and that the "deficient performance prejudiced" Petitioner. *Id*. at 687-88. In order to pass the prejudice prong, Petitioner must show, with reasonable probability, that but for the counsel's professional incompetence, the outcome of the proceeding would have been different. *Id*. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Id*. at 693. For plea agreements, "the defendant must show there is a

7

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (Mar. 21, 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  The Third Circuit has stated "that a defendant 'must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial.'" *Rice v. Wynder*, 346 Fed. App'x. 890, 893 (3d Cir. 2009) (citing *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995).

In the instant matter, Petitioner received a sentence less than the minimum after his cooperation with the Government and its request for downward departure. (*See* Resp't's Br. at 3.)  Petitioner's bare allegation that he "would not have accepted and/or signed the plea bargain" if not for the Mussela's characterization of the immigration consequences is insufficient.  (Pet. at 1); *See Rice*, 346, Fed. App'x. 890 at 893 (3d Cir. 2009).  Petitioner has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" *See Hill*, 474 U.S. at 59.

**CONCLUSION**

For the reasons set forth above, Respondent's Motion to Dismiss is **GRANTED** and the Petitioner's Motion is **DENIED**.

                                                            s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
Cc:     Parties